ESTERSON et al. v. WHITMAN et al.

(Supreme Court, Appellate Term. November 24, 1911.)

DISCOVERY (§ 40*)—EXAMINATION OF PARTY BEFORE TRIAL—KNOWLEDGE.

An order for the examination of a principal before trial as to the circumstances of a sale made by an agent at the buyer's place of business should not be granted, since it fairly appears that the person sought to be examined has no personal knowledge of the matters on which he is to be examined.

[Ed. Note.—For other cases, see Discovery, Dec. Dig. § 40.*]

Appeal from City Court of New York, Special Term.

Action by Joseph Esterson and another against William Whitman and others. From an order of the City Court of New York, refusing to vacate an order for the examination of defendants before trial, they appeal. Reversed.

See, also, 131 N. Y. Supp. 1114.

Argued before GIEGERICH, LEHMAN, and PENDLETON, JJ.

Hyman & Campbell (Charles E. Scribner, of counsel), for appellants.

I. Gainsburg, for respondents.

LEHMAN, J. The plaintiffs sue five defendants as a copartnership, alleging in their complaint that they purchased from them certain goods, and that the sale was made by sample, under representations as to quality and a warranty as to the merchantableness and soundness of the goods. After issue was joined, they obtained an order for the examination of Malcolm D. Whitman, one of the defendants, which has been limited by the order appealed from to the affirmative cause of action as alleged in the complaint and the issues raised by the denials in the amended answer. The affidavit upon which this order was granted states that it is "necessary for the plaintiffs to examine the defendants herein, before trial, in order to prove said allegations," viz., the purchase of the goods by sample, the representations as to quality, and the warranty as to the merchantableness and soundness of the goods.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

It needs no citation of authority to prove that an order for examination before trial shall not be granted, unless it fairly appears that the particular party to be examined has personal knowledge of the matters upon which he is to be examined. No facts to show such knowledge are specifically alleged on this application, and no inference of such knowledge can be drawn from the complaint; for the complaint has been amplified by a bill of particulars, which states that the sale was made at the plaintiffs' place of business by a Mr. Frenall, salesman and representative of the defendants. Since, therefore, it inferentially appears that the defendant has no personal knowledge of the sale, the order should be vacated.

The plaintiffs, however, claim that one element of this proof is the salesman's authority, and they should be permitted to prove this fact by the defendant's testimony. Ordinarily a business man does not deal with an agent unless he has proof of authority, and the defendants in their separate defense and counterclaim have impliedly admitted the authority. If for the purposes of the trial the plaintiffs desire still further evidence on this point by the testimony of the defendant, they should show facts which will allow the court to determine as to the propriety of the application for an examination on this point, and an order, if made, should be strictly limited, so that the examination may not be extended as a fishing excursion, nor used to harass the defendant.

The order should be reversed, with $10 costs and disbursements, and the motion granted, with $10 costs. All concur.